## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| NAS CONSULTING SERVICES and SEAN YI,<br><br>Plaintiffs,<br><br>vs.<br><br>BROADCAST PROPERTIES, INC.,<br><br>Defendant. | CIVIL CASE NO. CV0642-21<br><br><br>**DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT UNDER GRCP 60(b)** |

This matter came before the Honorable Dana A. Gutierrez on November 29, 2022 for a hearing on Plaintiffs' Motion for Relief from Judgment under GRCP 60(b) ("Motion for Relief"). Present at the hearing were Attorney Joseph C. Razzano representing Plaintiffs Nas Consulting Services ("Nas Consulting") and Sean Yi ("Yi") (collectively, "Plaintiffs") and Attorney Martin F. Deinhart representing Defendant Broadcast Properties, Inc. ("Broadcast"). Upon review of the arguments presented by the parties and in light of the applicable law, the Court hereby **DENIES** the Plaintiffs' Motion for Relief.

## PROCEDURAL BACKGROUND

On August 23, 2021, Plaintiffs filed a Complaint asserting a Breach of Contract claim against Broadcast. On September 10, 2021, Broadcast filed a Motion to Dismiss Complaint ("Motion to Dismiss") and a Declaration of Mei Hui Sorensen ("Declaration of Sorenson") in support of Broadcast's Motion to Dismiss. Attached to the Motion to Dismiss was a copy of the Lease Agreement, a March 8, 2021 letter from Broadcast to the Plaintiffs ("Broadcast's March 8, 2021 letter"), and a April 9, 2021 letter from Yi to Mimi Sorensen ("Yi's April 9, 2021 letter").

Mot. to Dismiss, at Ex. A-C. On October 7, 2021, Plaintiffs filed an Opposition to Motion to Dismiss. On February 18, 2022, the Court heard oral arguments on the Motion to Dismiss. On May 19, 2022, the Court issued a Decision and Order Granting Broadcast Properties, Inc.'s Motion to Dismiss ("May 19, 2022 D&O").

On June 17, 2022, Plaintiffs filed a Motion for Relief and a Declaration of Edwin J. Torres, a Declaration of Yi, and a Declaration of Joseph C. Razzano in support of the Motion. On July 15, 2022, Broadcast filed an Opposition to Plaintiff's Motion for Relief (the "Opposition"). On July 29, 2022, Plaintiffs filed a Reply to the Opposition (the "Reply"). The Court heard oral argument from the parties on November 29, 2022 and took the matter under advisement.

## FACTUAL BACKGROUND

In Broadcast's Motion to Dismiss, Broadcast moved the Court to dismiss Plaintiffs' anticipatory breach claim under Guam Rules of Civil Procedure ("GRCP") Rule 12(b)(6) or in the alternative to grant summary judgment on the claim pursuant to GRCP Rule 56. Mot. to Dismiss, at 4 (September 10, 2021). Broadcast claimed that there was no anticipatory breach based upon the Complaint, Broadcast's March 8, 2021 letter, and Yi's April 9, 2021 letter. *Id.* at 4-5. Instead, Broadcast claimed that the Plaintiffs "chose not to exercise [their] option to renew" and "chose to vacate the premises." *Id.* at 5.

In Plaintiffs' Opposition to the Motion to Dismiss ("Opp'n to Mot. to Dismiss"), Plaintiffs stated that "[i]f the Court wishes to convert the Motion to Dismiss into one for summary judgment, Plaintiffs submit to the Court that the Lease, the March 8, 2021, letter sent by Defendant and the Letter present undisputed facts that the Court may use to find summary judgment in favor of Plaintiffs." Opp'n to Mot. to Dismiss, at 4 (October 7, 2021). At the February 18, 2022 hearing, the Court asked Plaintiffs' counsel if there were any disputed facts

2

and Plaintiffs' counsel claimed that there were no disputed facts. Min. Entry (Feb. 18, 2022); *see* May 19, 2022 D&O, at 6. The Court then took the matter under advisement on February 18, 2022.

Upon consideration of these undisputed facts in the pleadings, the Declaration of Sorenson, Broadcast's March 8, 2021 letter, and Yi's April 9, 2021 letter, the Court converted the motion to dismiss to a motion for summary judgment. The Court found that "the parties do not dispute the contents of these documents, nor do the Plaintiffs' [*sic*] allege that any other relevant documents or communications among the parties exist that may constitute additional material facts." May 19, 2022 D&O, at 6. The Court found that the undisputed facts did not support an anticipatory breach claim and therefore granted the motion in favor of Broadcast. *Id.* Plaintiffs now move the Court for relief from the Judgment. Mot. for Relief, at 1 (June 17, 2022).

## DISCUSSION

The issue before the Court is whether to grant the Plaintiffs relief from summary judgment pursuant to GRCP Rule 60(b)(1) and (6).

### I. Plaintiffs Claim That They Were Unaware the Court Might Covert Dismissal to Summary Judgment

In Plaintiffs' Motion for Relief, Plaintiffs claim multiple times that they did not have notice that the Court might convert Broadcast's Motion to Dismiss to summary judgment. *Id.* at 8, 11. The Court will first address whether there was proper notice of this possible conversion.

In the Plaintiffs' Motion for Relief, Plaintiffs claim that they "did not know the Court would eventually convert the Motion because [they] had already pled the basic elements of a breach of contract claim." *Id.* at 8. Plaintiffs argue that if the May 19, 2022 D&O is upheld, "it would set a precedent that all parties that are confronted with a motion to dismiss that could be converted to a motion for summary judgment must know of all facts that will be relevant to how

3

the Court will resolve the motion for summary judgment." *Id.* Plaintiffs argue that "[s]uch a burden at the beginning of the case is unfair and against the liberal construction of the GRCP and the Supreme Court's direction that cases should be decided on the merits." *Id.* Furthermore, Plaintiffs allege that their failure to bring up certain facts at the hearing "could also have been alleviated if *some notice* of conversion of the Motion to Dismiss to Summary Judgment was communicated to the parties prior to the Court's oral argument on Defendant's Motion." *Id.* at 11 (emphasis added).

In Broadcast's Opposition, Broadcast asserts that Plaintiffs' claim that they were "blindsided by the conversion of the 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment is incorrect and untruthful." Opp'n, at 8. Instead, Broadcast argues that the notice of possible conversion was first "presented in Defendant's motion." *Id.* at 8. Broadcast also argues that Plaintiffs noted and discussed this possible conversion in their Opposition. *Id.*; *see also* Opp'n to Mot. to Dismiss, at 4. Further, Broadcast asserts that Plaintiffs' counsel discussed this possibility at the February 18, 2022 hearing, where he stated "Mr. Deinhart also presents in his brief that if the court decides [*sic*] convert the motion to one under summary judgment, based on the pleadings and the declarations presented and the letters, then its - its our opposition, Your Honor, that the letter sent, the termination letter sent by the defendants on March 8, your honor, is an anticipatory breach as a matter of law . . . ." Opp'n, at 8-9 n.4; *see* Min Entry (Feb. 18, 2022).

1. **Parties Need Notice and Reasonable Opportunity to Respond to Conversion of Dismissal to Summary Judgment**

Conversion of a motion to dismiss to summary judgment is proper if the parties have had a "reasonable opportunity to present all material made pertinent to such motion by Rule 56." GRCP Rule 12(b). "After giving notice and a reasonable time to respond," the Court may grant

summary judgment.[1] GRCP Rule 56(f). "The 'reasonable opportunity' language of Rule 12(b) is designed to prevent unfair surprise to the parties." *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 393 (6th Cir. 1975). "Notice is adequate if the party against whom judgment is entered is 'fairly apprised' that the court will look beyond the pleadings, thereby transforming the motion to dismiss into a motion for summary judgment." *Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1532–33 (9th Cir. 1985) *(citing Mayer v. Wedgewood Neighborhood Coalition*, 707 F.2d 1020, 1021 (9th Cir. 1983) (per curiam). "Notice occurs when a party has reason to know that the court will consider matters outside the pleadings." *Grove*, 753 F.2d at 1533 (citing *Townsend v. Columbia Operations*, 667 F.2d 844, 849 (9th Cir.1982)).

Formal notice is generally not necessary for represented parties. *Id.; see Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009) ("Ordinarily, formal notice is not required where a party should reasonably have recognized the possibility that the motion might be converted into one for summary judgment [and] was [neither] taken by surprise [nor] deprived of a reasonable opportunity to meet facts outside the pleadings.") (internal quotation omitted); *Whalen v. Century Commc'ns*, 172 F.3d 61, *1 (9th Cir. 1999) ("[W]e do not require strict compliance with this notice requirement . . . . Instead, we ask whether the party against whom summary judgment was entered was 'fairly apprised' that the court would look beyond the pleadings and thereby convert the motion to dismiss into a motion for summary judgment") (internal citation omitted); *Schumacher v. Ecodyne Corp.*, 894 F.2d 1344 (9th Cir. 1990) ("When a party is represented by counsel, formal notice may be unnecessary. Notice occurs when a party has reason to know that the court will consider matters outside the pleadings.") (citation omitted). *But see Beacon*

---

[1] The May 19, 2022 D&O provides additional analysis regarding the decision to convert the Motion to Dismiss to summary judgment. May 19, 2022 D&O, at 3-7.

*Enterprises, Inc. v. Menzies,* 715 F.2d 757, 767 (2d Cir. 1983) ("Although the district court alluded to the possibility of a judgment on the merits at the close of the April hearing, it did not give the type of unequivocal notice to which a *pro se litigant* is entitled.") (emphasis added).

2. **Parties Had Notice of Possible Conversion to Summary Judgment and Reasonable Time to Respond**

While the Plaintiffs claim that their problems could have been "alleviated" if they had "some notice" that Broadcast's Motion to Dismiss might be converted to summary judgment, upon review of the record, the parties appear to have been fully aware of the possible conversion. Not only did Broadcast put the Plaintiffs on notice by requesting the conversion in its Motion to Dismiss, but the Plaintiffs specifically responded to the possibility in both their Opposition to the Motion to Dismiss and at the hearing. Opp'n to Mot. to Dismiss, at 4; Min. Entry (Feb. 18, 2022). Plaintiffs were further aware that the Court might consider documents outside of the pleadings and argued that Broadcast's March 8, 2021 letter, a document outside of the pleadings, supported their argument for anticipatory breach. Opp'n to Mot. to Dismiss, at 4-5.

Plaintiffs were more than fairly apprised that the Motion to Dismiss could be converted to summary judgment and even argued that summary judgment should be granted in their favor. *Id.* Thus, Plaintiffs' claim that they lacked notice is not only surprising but rather disingenuous. The Court now turns to the remaining claim that relief shall be granted pursuant to GRCP Rule 60(b)(1) and (6).

II. **Plaintiffs Seek Relief under GRCP Rule 60(b) from the May 19, 2022 D&O**

In the Motion for Relief, Plaintiffs ask the Court to grant relief from summary judgment under GRCP Rule 60(b)(1) due to mistake and excusable neglect of counsel and under Rule 60(b)(6) due to manifest injustice. Mot. for Relief, at 3, 11.

GRCP Rule 60(b) grants the Court discretion to relieve a party from a judgment. *See* GRCP Rule 60(b). GRCP Rule 60(b) states:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> . . .
> (6) any other reason justifying relief from the operation of the judgment.

GRCP Rule 60(b)(1),(6).[2] The Supreme Court of Guam has found that "Rule 60 is remedial in nature and is to be liberally construed." *Brown v. Eastman Kodak Co.*, 2000 Guam 30 ¶ 18. (citation omitted). "The provisions of Rule 60(b) are mutually exclusive and relief under subsection (6) applies only in exceptional or extraordinary circumstances which are not addressed by the other subsections of the Rule." *Mariano v. Surla*, 2010 Guam 2 ¶ 34 (citing *Brown*, 2000 Guam 30 ¶ 14).

### 1. Plaintiffs Seek Relief from Judgment for Counsel's Mistake under Rule 60(b)(1)

Plaintiffs "first move[] under GRCP 60(b)(1) for a mistake in the judgment." Mot. for Relief, at 3. Plaintiffs claim that "Plaintiff's counsel who appeared at oral argument, was unaware of certain facts," and his "mistake or misplaced confidence arises from his ignorance of certain facts that, if he knew, would have been presented to the Court for its consideration." *Id.* Plaintiffs allege that Yi informed counsel after the May 19, 2022 D&O about certain relevant details related to the underlying Complaint that were not disclosed beforehand. *Id.*

---

[2] "[B]ecause the Guam Rules of Civil Procedure are generally derived from, although not identical to, the Federal Rules of Civil Procedure ("FRCP"), federal decisions that construe the federal counterparts to the Guam Rules of Civil Procedure are persuasive authority." *Gov't of Guam v. O'Keefe on behalf of Heirs of Torres Est.*, 2018 Guam 4 ¶ 9 (citing *People v. Quitugua*, 2009 Guam 10 ¶ 10). Guam's Rule 60(b) was adopted from Rule 60(b) of the Federal Rules of Civil Procedure. *Brown v. Eastman Kodak Co.*, 2000 Guam 30, ¶ 14; *see also* GRCP Rule 60.

7

In particular, Yi shared more details about the "one occasion where Defendant agreed to meet with Mr. Yi to discuss the lease." *Id.* at 3-4. He claimed that "Defendant sent a couple of employees—agents of Defendant that could have communicated language that has legal significance—to only communicate that the lease will **not** be renewed and to only speak to Defendant's attorney." *Id.* at 4. Plaintiffs note that "[w]hile this meeting itself was identified in the letter sent by Mr. Yi to Defendant on April 9, 2021, all of the facts surrounding this meeting and the individuals involved were not communicated to counsel at the time of briefing and oral argument." *Id.* at n.1. Due to the late disclosure of this information to counsel, Plaintiffs claim that "[c]ounsel mistakenly failed to identify these facts" in a timely manner to the Court. *Id.* at 5. Plaintiffs argue that this mistake was excusable neglect and relief should be granted under GRCP Rule 60(b)(1). *Id.*

In Broadcast's Opposition, Broadcast argues that Yi "admits that the information . . . [was] known to him during the pendency of the matter."[3] Opp'n, at 4. Further, Broadcast claims that "[t]his 'new' evidence is immaterial" because it occurred after the alleged anticipatory breach date. *Id.* at 6. However, Broadcast argues that regardless "it appears to be new evidence manufactured by plaintiff, as it contradicts, a contemporaneous written statement of plaintiff." *Id.* (emphasis omitted). Broadcast contends that Yi's April 9, 2021 letter, which was submitted for consideration prior to the Motion hearing, discussed "the March 25, 2021 meeting." *Id.*

The letter states that Broadcast "sent representatives from Broadcast Properties, who had no idea what the meeting was about and could say nothing more than 'please contact Ms.

---

[3] Broadcast also argues that Plaintiffs "incorrectly [applied] Rule 60(b)(1)" and should have invoked GRCP Rule 60(b)(2) "which involves newly discovered evidence . . . ." Opp'n, at 3. Broadcast claims that "Plaintiff was too disingenuous to correctly identify Rule 60(b)(2) because 60(b)(2) authorizes relief only for newly discovered evidence that, with reasonable diligence, could not have been discovered" and "Yi admittedly cannot meet such a burden." *Id.* at 4. Despite these arguments, Plaintiffs only seek relief under Rule 60(b)(1) and (6).

Sorenson's attorney . . . ." *Id.* at 6-7 (emphasis omitted); *see* Yi's April 9 Letter, at 1. Now, Broadcast notes that Yi's new allegation "made over a year after his April 9 letter, and after the dismissal, contradicts his April 9 letter." *Id.* at 7. Broadcast asks a rhetorical question regarding this "direct contradiction" and states "[w]hich should we believe, this contemporaneous statement of Yi or a contradictory statement made 15 months after the meeting—and after his case was dismissed?" *Id.*

a.    **Relief for Mistakes by Counsel Are Limited under Rule 60(b)(1)**

In a motion under Rule 60(b)(1), the court may grant relief from a judgment for a "mistake." GRCP Rule 60(b)(1). "[T]he kinds of mistakes by a party that may be raised by a Rule 60(b)(1) motion are litigation mistakes that a party could not have protected against, such as the party's counsel acting without authority of the party to that party's detriment." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) (citing *Thompson v. Kerr–McGee Refining Corp.*, 660 F.2d 1380, 1384–85 (10th Cir. 1981)). "Generally speaking, a party who takes deliberate action with negative consequences . . . will not be relieved of the consequences [by Rule 60(b)(1)] when it subsequently develops that the choice was unfortunate." *Id.* at 577 (citing 7 Moore, Federal Practice ¶ 60–22 [2], p. 60–182). "Similarly, Rule 60(b)(1) relief is not available for a party who simply misunderstands the legal consequences of his deliberate acts." *Id.*

Furthermore, "Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument. *Id* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) ("revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or

supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed is likewise inappropriate.")); *see also Richardson v. National Rifle Ass'n,* 879 F. Supp. 1, 2 (D.D.C. 1995) (finding that plaintiff's failure to provide counsel with documents already in his possession that allegedly contained genuine issues of material facts was insufficient justification for court to set aside its judgment on grounds of Rule 60(b)(1)).

### b. Plaintiffs' Counsel's Mistake Does Not Merit Relief

Plaintiffs provide no clear reasoning why counsel failed to identify these facts or why Yi failed to provide this information to counsel at any point earlier in the proceedings. While Plaintiffs allege that this information could have come out at discovery, it is unclear why counsel needed discovery to gather this information from their own client. Mot for Relief, at 5-6. Further, counsel never requested any additional time for fact-finding and even informed the court at the February 18, 2022 hearing that there were no disputed facts and summary judgment should be granted in their favor.

Rule 60(b)(1) provides relief for mistakes "that a party could not have protected against," but in this case, the Court finds that both Yi and counsel could have protected against this alleged mistake. First, Yi could have shared these alleged relevant facts with counsel at any point in the proceedings and that Yi should have been aware of these facts since the March 25, 2021 meeting. In addition, counsel could have requested discovery or additional time if there were any concerns that additional fact-finding was necessary. Rule 60(b)(1) does not provide a second round of arguments to present information that was in the party's possession at the time of the original argument. Therefore, the Court does not find that the Plaintiffs can seek relief under Rule 60(b)(1) for mistake.

10

2. **Plaintiffs Seek Relief From Judgment for Excusable Neglect under Rule 60(b)(1)**

Plaintiffs also argue that this failure to disclose these facts to the Court is "excusable neglect" that merits relief under Rule 60(b)(1). *Id.* at 5-8.

a. **Excusable Neglect of Attorney May Merit Relief under Rule 60(b)(1)**

GRCP Rule 60(b)(1) relief may be granted for a party when their attorney's neglect is excusable considering all the relevant circumstances. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 381 (1993) ("The determination of what sorts of neglect will be considered 'excusable' is an equitable one, taking account of all relevant circumstances."); *see also Duenas v. Brady,* 2008 Guam 27 ¶ 20 ("Neither carelessness nor ignorance, ascribed to the party or party's attorney, may supply grounds for relief under 60(b)(1)").

"Rule 60(b) is not to be invoked to give relief to a party who has chosen a course of action which in retrospect appears unfortunate." *Duenas,* 2008 Guam 27 ¶ 25 (quoting *Edens v. Edens,* 109 P.3d 295, 302 (N.M. Ct. App. 2005)) (internal quotation marks omitted). "Rule 60(b) cannot be used to relieve a party from the duty to take legal steps to protect his interests." *Id.* "Rule 60 does not relieve parties from strategic mistakes." *Id.* (quoting *Tareco Properties v. Morriss,* 321 F.3d 545, 549 (6th Cir. 2003)).

"[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Laurino v. Syringa Gen. Hosp.,* 279 F.3d 750, 753 (9th Cir. 2002) (citing *Bateman v. U.S. Postal Serv.,* 231 F.3d 1220, 1223 (9th Cir. 2000)); *see also Brown,* 2000 Guam 30 ¶ 21 (holding that the failure of party's counsel to meet multiple filing deadlines and to

communicate with his client due to alleged substance and marital problems was "inexcusable neglect"); *Duenas,* 2008 Guam 27 ¶ 20 (finding in a request for relief from a default judgment that "[n]either carelessness nor ignorance, ascribed to the party or the party's attorney, may supply grounds for relief under 60(b)(1)"); *Fidelity & Deposit Co. v. Omni Bank,* 1999 WL 970526 (E.D. La 1999) (finding that although counsel was ineffective when they failed to notify client that a motion for summary judgment had been filed and failed to discuss potential defenses with their client, this failure did not amount to excusable neglect).

### i.    The Prejudice Against the Opposing Party and the Delay Is Limited

First, the Plaintiffs allege that "the case in its infancy" and that "no discovery" has taken place." Mot. for Relief, at 6. Plaintiffs argue at this stage of proceedings that "[a]ny prejudice that could be suffered by Defendant is minor." *Id.* Plaintiffs also claim that the delay "has not been significant" because they moved for relief "within ten (10) days of entry of Judgment." *Id.* at 7. Furthermore, Plaintiffs contend that the Supreme Court of Guam has "declared that there is a policy of deciding cases on the merits." *Id.*

While the prejudice and delay in filing for relief in judgment is not substantial, the Court does note that the original Complaint was filed on August 23, 2021, and therefore, the matter has been pending for over a year and a half at the time of this Decision and Order. However, in light of the circumstances, the Court does not find the prejudice or delay in the proceedings to the Defendant to be significant.

### ii.    Plaintiffs Fail to Provide a Credible Reason for Not Providing These Facts to the Court Earlier

Plaintiffs claim that their failure to present these facts regarding Yi's meeting is excusable because he "would have presented these facts . . . had he known about these facts." *Id.* at 8.

Instead, as stated earlier, Plaintiffs claim that they "did not know" that the Court "would eventually convert the Motion." *Id.* at 8. Plaintiffs assert that these facts "would have come out in discovery . . . ." *Id.* Plaintiffs contend that Broadcast's counsel did not act in good faith and refused to arrange for discovery or enter a Scheduling Order. *Id.* Plaintiffs' counsel even notes that Plaintiffs "should have moved for sanctions" but in the end determined that they "did not believe it was necessary to file such a drastic motion . . . ." *Id.* at 6-7. However, Plaintiffs still claim that "Defendant's strategy was to thwart discovery in bad faith to not allow this Court to see crucial evidence in this matter." *Id.* at 6.

In Broadcast's Opposition, Broadcast contends that Plaintiffs' "implication" that it prevented discovery to be "untruthful." Opp'n, at 8-9. Broadcast alleges that the Plaintiffs "could have simply moved for a continuance and further briefing to conduct discovery under Rule 56(f). *Id.* at 9. Instead, Broadcast argues that Plaintiffs failed to do so, alleging that the Plaintiffs "did not conduct discovery, did not ask for a continuance to conduct discovery nor [have they] indicated that [they] needed additional discovery." *Id.* Further, Broadcast claims that these alleged "new" facts are "not evidence that had to be discovered from defendant or third parties." *Id.* Instead, Broadcast asserts that "[b]oth parties knew that discovery was not needed." *Id.* at 10.

The Court is not persuaded by Plaintiffs' claims regarding the lack of discovery. The Court notes that Plaintiffs had multiple opportunities to raise concerns to the Court about any issues with discovery or the need for additional time. Instead, at the February 18, 2022 hearing, Plaintiffs' counsel reasserted that there were no disputed facts and that summary judgment should be granted in their favor. Thus, at the time of the hearing, it appeared that both parties

13

thought discovery was unnecessary. Therefore, the claim that Broadcast prevented all discovery efforts is not reflected in the record or in the actions of Plaintiffs' counsel.

The Court notes that Plaintiffs were on notice that the Motion to Dismiss could be converted to summary judgment and that they could have sought discovery pursuant to GRCP Rule 56(f). This failure is noteworthy and Plaintiffs' attempt to solely blame Broadcast for this failure is misplaced. *Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 468 (D. Md. 2002), *aff'd*, 86 F. App'x 665 (4th Cir. 2004) (finding that "if a party believes that discovery is necessary for it to demonstrate a genuine issue of material fact, the party must file a Rule 56(f) affidavit that states that it 'could not properly oppose a motion for summary judgment without a chance to conduct discovery,'" and in a motion for reconsideration, "failure to file an affidavit under Rule 56(f) is 'itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate'") (quoting *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 961 (4th Cir. 1996)); *see also Angell ex rel. Williams v. Echols*, 2011 WL 12876343 (E.D.N.C. Mar. 14, 2011) (finding that the court did not abuse its discretion denying relief under Rule 60(b) in bankruptcy court when the bank failed to seek a continuance or additional time for discovery at the summary judgment hearing, and further that the three documents in question were either in the bank's possession or accessible in the public record).

Additionally, the Court fails to find any compelling reasoning or excuse why these facts were not shared between Yi and counsel earlier. While Plaintiffs contend that this information would have come out in discovery, it is unclear why this information would have needed the parties to conduct discovery to come to light. Rather, this information was in the possession of the Plaintiffs throughout the proceedings.

14

### iii. Because Plaintiffs Have Not Demonstrated Good Faith in Their Arguments Or the Delay in Raising These Facts, Counsel's Actions Do Not Amount to Excusable Neglect

Plaintiffs claim that they have "acted in good faith" and have not misled the Court regarding the facts before the Court. Mot. for Relief, at 9. However, as stated above, the Court finds the Plaintiffs' claims concerning notice and discovery in their Motion for Relief to be disingenuous. Plaintiffs had an understanding that the matter might be converted to summary judgment yet did not dispute any facts or request additional time for discovery. Instead, they sought summary judgment in their favor due to the Plaintiffs believing the facts were undisputed. Based upon these misrepresentations to the Court, the Court finds that the Plaintiffs have not acted in good faith during these proceedings.

Therefore, upon review of the above-mentioned factors, the Court does not find excusable neglect that merits relief under Rule 60(b)(1).

### 3. Plaintiffs Seek Relief Due to Manifest Injustice under Rule 60(b)(6)

Finally, Plaintiffs claim that relief is warranted in this matter under Rule 60 (b)(6). Mot for Relief, at 1.

### a. Extraordinary Circumstances and Gross Negligence of Counsel Are Needed for Relief under Rule 60(b)(6)

The Supreme Court of Guam has observed that "Rule 60(b)(6) 'provides for extraordinary relief and requires a showing of exceptional circumstances.'" *Duenas,* 2008 Guam 27 ¶ 13 (citation omitted). "[E]xtraordinary circumstances exist when counsel inexcusably neglects prosecution or defense of a case and the client's conduct does not constitute neglect within rule 60(b)." *Brown,* 2000 Guam 30, ¶ 26.

The Supreme Court of Guam has held that it would be "a dangerous policy to allow a party to distance himself from the acts of his representative." *Parkland Development, Inc. v. Anderson*, 2000 Guam 8 ¶ 15 (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 634–45, 82 S.Ct. 1386, 1390–96, 8 L.Ed.2d 734 (1962)); *see, e.g., Capability Group, Inc. v. American Exp. Travel Related Services Co., Inc.*, 658 F.3d 75, 82 (1st Cir. 2011) ("In civil cases, inadequate representation is normally a matter to be resolved between the attorney and his client, but perhaps in unusual circumstances it could be a basis for Rule 60(b) relief.") (internal citation omitted). *But see Duenas*, 2008 Guam 27 ¶ 19 (finding "a reluctance to hold parties responsible for the errors of their legal representatives when the parties were *not being personally negligent themselves in the pursuit or defense of their case*") (citation omitted).

In extraordinary circumstances where there is gross negligence of an attorney, relief may be granted for the party under Rule 60(b)(6). *Brown*, 2000 Guam 30, ¶ 26 (granting relief from judgment upon a finding of gross negligence on behalf of an attorney); *Parkland*, 2000 Guam 8 ¶ 10 ("Other jurisdictions have vacated judgments based on the gross neglect of attorneys which created exceptional circumstances and hardship under Rule 60(b)."); *see also Kasem v. Catholic Health Initiatives*, 334 F.R.D. 315, 319 (W.D. Wash. 2019) ("The Ninth Circuit has found gross negligence when the attorney's representation amounted to abandoning the client.").

    b.    **Plaintiffs Allege It Would Be Manifestly Unjust to Not Grant Relief Based Upon the Negligence of Counsel**

Plaintiffs assert that not granting relief would result in manifest injustice. *Id.* at 10. Plaintiffs assert that once they were aware of the facts from their client, counsel moved "as soon as the facts were known for relief from this court." *Id.* at 10-11. Plaintiffs argue that "[t]he facts identified in the Yi Declaration would have been helpful to defend against the Defendant's

16

arguments in its Motion to Dismiss." *Id.* at 11. Once again, as stated above, Plaintiffs claim that this problem could have been "alleviated" if notice of the conversion to summary judgment was provided to them. *Id.*

Plaintiffs support their argument by citing *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980). *Id.* at 10-11. Plaintiffs claim that this case supports their position and cite to the case's reasoning as follows: "when a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust, reconsideration under rule 60(b)(6) is proper even though the original failure to present that information was inexcusable." *Id.*; *Good Luck Nursing Home*, 636 F.2d at 577. Plaintiffs claim Yi's facts and other facts "would be central" and that if these facts would have been presented, "[t]he Court would likely have denied summary judgment." *Id.* at 11-12. Therefore, Plaintiffs assert that "[i]t would be manifestly unjust to prevent Plaintiff the opportunity to present his case when these facts are now presented to counsel and the Court." *Id.* at 12.

In Broadcast's Opposition, Broadcast argues that "Rule 60(b)(6) motion should only be granted in 'extraordinary circumstances.'" Opp'n, at 11 (citation omitted). Broadcast claims that "no extraordinary circumstances" have been shown here, and "Plaintiffs present, at best, a garden variety oversight by counsel regarding an irrelevant fact, and at worst plaintiff presents newly manufactured evidence that contradicts the contemporaneous evidence presented in its Complaint." *Id.* at 11.

Further, with regard to the Plaintiffs' reliance on *Good Luck Nursing*, Broadcast claims that "many courts disagree" with the ruling and regardless, the case does not apply here because

it set aside "an erroneous decision" and "[t]he decision here is not in error." *Id.* Therefore, Broadcast asserts that relief should not be granted and "the judgment should not be disturbed." *Id.* at 11-12

### c. The Supreme Court of Guam Has Not Adopted the Reasoning in *Good Luck Nursing Home* for Rule 60(b)(6)

While Plaintiffs rely heavily on *Good Luck Nursing Home,* the Supreme Court of Guam did not adopt its reasoning as a basis for relief under Rule 60(b)(6) in *Parkland Development, Inc. v. Anderson. Parkland,* 2000 Guam 8 ¶¶ 8-10. In *Parkland,* the Supreme Court noted the defendants' reliance on *Good Luck Nursing Home* in a Rule 60(b)(6) motion, but did not apply its reasoning in its holding. *Id.* at ¶¶ 11, 16. Instead, the Supreme Court noted that the court in *Good Luck Nursing Home* "seemed result-oriented." *Id.* at ¶ 8 The Supreme Court further stated that "[a]lthough this case has not been expressly overruled, it has been distinguished by several Circuit Courts. Furthermore, no Ninth Circuit opinions have followed the reasoning in the *Good Luck* case." *Id.* at n.3. The Supreme Court concluded in *Parkland* that the failure of an attorney to assert certain affirmative defenses did "not constitute such *gross negligence or exceptional circumstances so as to justify the extraordinary relief* available pursuant to Rule 60(b)(6)." *Id.* at ¶ 16 (emphasis added).

Therefore, like the Supreme Court, this Court will refrain from adopting the reasoning in *Good Luck Nursing Home.* Instead, the Court will apply the standard for Rule 60(b)(6) motions of whether extraordinary circumstances exist that merit relief. *Parkland,* 2000 Guam 8 ¶¶ 8-10; *Duenas,* 2008 Guam 27 ¶ 13; *Brown,* 2000 Guam 30, ¶¶ 18, 26.

### d. Plaintiffs Fail to Allege Extraordinary Circumstances that Merit Relief

The Supreme Court of Guam has found that in extraordinary circumstances an attorney's inexcusable neglect may merit relief from judgment under Rule 60(b)(6). In *Brown v. Kodak,* the

Supreme Court found that relief from summary judgment was proper for the client, Brown, due to the "inexcusable neglect" of their counsel. *Brown*, 2000 Guam 30 ¶ 28. In *Brown*, Brown's counsel, who was "allegedly suffering from substance abuse and marital problems,"to meet multiple court deadlines while reassuring Brown not to seek other counsel. *Id.* at ¶¶ 4, 17. After summary judgment was entered against Brown due to his counsel's failure to file any defense against the second motion for summary judgment, Brown "acted quickly to set aside the default." *Id.* at ¶ 17. The Court found "gross negligence on the part of [Brown's counsel] and diligence on the part of Brown" and granted relief from judgment due to the extraordinary circumstances and inexcusable neglect of counsel. *Id.* at ¶ 26.

In this case, the circumstances surrounding Plaintiffs' failure to raise certain alleged facts earlier is not exceptional or extraordinary. Instead, it is undisputed that these alleged facts were known to Yi since the March 25, 2021 meeting. While Plaintiffs claim that counsel is at fault for this failure, the Court does not find Yi to be faultless in failing to provide these alleged facts earlier to counsel or to the Court. *See* Declaration of Yi, at ¶¶ 7, 9 (June 17, 2022). Plaintiffs fail to provide a clear reason why these facts were not brought to the Court's attention earlier in the proceedings.

Further, the Court notes the conduct of Plaintiffs' counsel does not meet the high threshold of gross negligence. Here, Plaintiffs' counsel has made timely filings and been present at all of the hearings. The Court does not find there to be gross negligence on behalf of the Plaintiffs' counsel, like in *Brown*, where counsel missed multiple deadlines and failed to prosecute the case.

Therefore, the Court does not find exceptional circumstances exist in this case that merit the extraordinary relief under Rule 60(b)(6).

**DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT UNDER GRCP 60(b)**
*CV0642-21; Nas Consulting Services and Sean Yi v. Broadcast Properties, Inc.*

## CONCLUSION

Based upon the foregoing reasons, the Court hereby **DENIES** the Plaintiffs' Motion for

Relief.

**SO ORDERED**:     FEB 2 7 2023

HONORABLE DANA A. GUTIERREZ
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:

RAZZANO
BLAIR

Date: _____ Time: 2/27/23
Joseph Bamba, Jr.

Deputy Clerk, Superior Court of Guam

20